Wayne Henderson and Bessie Henderson v. Commissioner.
Henderson v. Commissioner
Docket No. 22254.
United States Tax Court
1952 Tax Ct. Memo LEXIS 242; 11 T.C.M. (CCH) 419; T.C.M. (RIA) 52120; April 25, 1952
*242 E. E. Henderson, father of petitioner Wayne Henderson, was engaged in litigation in the courts of Iowa at the time of his death. Petitioner, as executor of his father's estate, was substituted for decedent in the litigation. Petitioner claims he paid $1,248.49 court costs as the result of such litigation and that he is entitled to deduct that amount in computing his 1944 income taxes under either section 23 (a) of the Code or under section 23 (e). Held, petitioner failed to sustain his burden of proof. Fred C. Fisher, Esq., 1003 American Bldg., Cedar Rapids, Iowa, for the petitioners. Elmer Corbin, Esq., for the respondent. RICE
Memorandum Opinion RICE, Judge: The respondent determined a deficiency in income tax for the year 1944 in the amount of $209.19. The question presented is whether petitioners are entitled to a deduction of $1,248.49 under section 23 (a) of the Internal Revenue Code or under section 23 (e) of the Code, which sum represented certain court costs arising out of litigation in the courts of Iowa. All of the facts were stipulated. The stipulated facts are so found and are incorporated herein. Petitioners filed a joint Federal income tax return for the taxable year 1944 with the collector of internal revenue for the district of Iowa. In Schedule 1040 F attached to the return, petitioners, under farm expense, claimed a deduction of $1,248.49 stated to represent Supreme Court and local court costs. The respondent disallowed the deduction. The amount claimed as a deduction arose out of litigation commenced in 1934 by the father of Wayne Henderson. The latter will hereinafter *244 be referred to as petitioner. In 1926 the State Bank of Central City, Iowa, was in financial difficulty and reorganized the following year under an arrangement with the Banking Department of the State of Iowa, whereby a reorganized bank took over 60 per cent of the deposit liability and 60 per cent of the assets, and the remaining 40 per cent of the assets were turned over to three trustees. The trustees issued trustees' certificates to each depositor in the amount of his claim and proceeded to administer the trust. Petitioner's father became dissatisfied with the conduct of the trust and obtained assignments from virtually all of the depositors who held these certificates. The assignments provided that petitioner's father was to have a percentage of the face value of such certificates or of any dividends which were paid out by the trustees. In a decision rendered on November 9, 1937, in a suit commenced by petitioner's father in 1934, in the District Court of Iowa in and for Linn County, the court surcharged the trustees' account in the amount of $9,182.36. plus interest, but exonerated the trustees on other charges made by petitioner's father. The Supreme Court of Iowa affirmed *245 the trial court's decision on October 15, 1940. Petitioner's father died on August 8, 1942, leaving a will naming petitioner and his sister as executors. On March 30, 1943, the executors were authorized by the district court to have themselves substituted in the litigation for petitioner's deceased father. On November 26, 1943, the district court entered judgment against the objectors (petitioner and his sister) in the amount of $456.64 which was a portion of the costs of the district court trial and for costs in the Supreme Court in the amount of $791.75. The FOURTH, FIFTH, EIGHTH and TENTH paragraphs of petitioner's father's will are as follows: "FOURTH: To Alice Falcon, Neva Deen my daughters I bequeath each a one third interest and to the children of Wayne Henderson a one third interest of all my interests in the Trustee matter of the State Bank of Central City, Iowa. "FIFTH. To the children of my son Wayne Henderson I bequeath all the live stock, machinery and grain owned by me and located upon the farm now occupied by Wayne Henderson. This bequest providing that Wayne Henderson as Trustee to said children and as custodian of said property assume and pay the balance owing *246 by me on a promissory note given by me to W. J. Henderson. * * *
"EIGHTH: To Wayne Henderson my son I bequeath my Fair stock and my clothing. * * *
"TENTH: To Alice Falcon, Neva Deen my daughters and to Versie Henderson my daughter-in-law I bequeath the balance of my estate share and share alike." * * *
The Probate Inventory, Report of Beneficiaries and Real Property Preliminary Inheritance Tax Report, Probate No. 16632, in the district court, in the matter of the Estate of Ernest E. Henderson, petitioner's father, shows a total estimated value of the entire estate to be in the amount of $3,796.90. Petitioner argues that the suit was for the production or collection of income and the expenses thereof were deductible under section 23 (a) (2) as a nonbusiness expense, or, in the alternative, that they were deductible under section 23 (e) (1) or (2) as a loss incurred in trade or business or one incurred in a transaction entered into for profit. The record discloses that petitioner was substituted, in his fiduciary capacity as executor of the estate, as an "objector" in the litigation commenced by his father. It discloses that he would not have received any pecuniary *247 benefit even if the outcome of the litigation had been successful. Nothing was bequeathed to him under his father's will except some Fair stock and his father's clothing. The residue of the estate was bequeathed to petitioner's two sisters and to his sister-in-law. Decision must be against petitioner even if we were to assume (1) that the court costs were deductible under section 23 (a) (2); or, in the alternative, (2) that they were deductible under section 23 (e) (1) or (2). This is so because petitioner claims in his petition that, under the law of Iowa, attorney fees and court costs incurred by a personal representative of a deceased person are the personal liability of the personal representative with a right of reimbursement by such personal representative against the estate. He then alleges that his father's estate was insolvent as a result of the abovementioned litigation, and that petitioner was therefore unable to reimburse himself from the estate. This allegation in the petition is denied in respondent's answer and no proof of insolvency of the estate is contained in the record. On the contrary, the Probate Inventory, Report of Beneficiaries and Real Property Preliminary *248 Inheritance Tax Report, heretofore mentioned, indicates that the value of the estate was in the neighborhood of $3,800 which was sufficient to meet the court costs of $1,248.49. Decision will be entered for the respondent.